Hon. Angelo J. Aponte Commissioner New York City Department of Consumer Affairs
Your assistant general counsel has requested an opinion as to whether you may waive the requirement that individuals seeking to engage in business as theater ticket brokers have a fixed place of business. You have stated that given the current real estate market in New York City, some potential licensees are unable to secure a fixed place of business. Specifically, you ask whether theater ticket brokers may be licensed to conduct their business from offices maintained in their homes or from the streets.
Section 25.03 of the Arts and Cultural Affairs Law provides that theater ticket brokers must be licensed and that licensees must have a fixed location from which to carry out their businesses. We believe that the requirement for a fixed business location is mandatory and may not be waived. We draw our conclusion first from the language of the statute which describes the license as being specific both to the licensee and to the location of the business. In this regard, section 25.03 provides in relevant part as follows:
 "A license for the principal office shall be granted upon the payment by or on behalf of the applicant of a fee of two hundred dollars and shall be renewed upon the payment of a like fee annually; and a certificate shall be granted for each branch office, bureau, agency or sub-agency, upon payment by or on behalf of an applicant of a fee of fifty dollars and shall be renewed upon the payment of a like fee annually. Such license or certificate shall not be transferred or assigned, except by permission of such commissioner. No change in the location of the premises covered by such license or certificate shall be made, except by permission of such commissioner, and upon the payment of a fee of ten dollars" (emphasis supplied).
Our conclusion that the business location requirement may not be waived is buttressed by the fact that other sections of the Arts and Cultural Affairs Law impose obligations upon ticket brokers which can only be satisfied if the licensee has a fixed place of business. Section 25.15 requires the licensee "immediately upon the receipt of the license" to post the license "in a conspicuous place in the principal office of such business for which it is issued". Section 25.17 of the law requires licensees to give 24 hours written notice of any change in the location of their businesses to the officer who issued the licenses to them and prohibits the sale of tickets "at any place other than places for which a license or certificate provided for by this article has been issued and posted". Section 25.19 requires that a list of the prices charged by the theaters for which tickets are being sold by the licensee be posted in "every principal office or branch office, bureau, agency or sub-agency" of the licensee. In addition, section 25.05 specifically prohibits the sale of tickets on or in any street in a city and section 25.25 provides that violation of any of the provisions of article 25 is a misdemeanor. From these provisions, we believe it is clear that the Legislature intended that theater ticket brokers maintain a fixed business location. We find nothing in the law that would prohibit a theater ticket broker from maintaining an office in his or her home, provided this use is consistent with local zoning regulations.
We conclude that theater ticket brokers may be licensed to sell tickets from offices maintained in their homes. They may not, however, sell tickets in the street.